Rosendo Bedolla IZAZAGA; Alicia Villanueva Rosas, Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70677.
Agency Nos. A75–301–739, A75–301–740.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.[*]

Decided Jan. 15, 2004.

Robert L. Lewis, Oakland, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, OIL, David V. Bernal, Attorney, Elisabeth Layton, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM**[**]

Rosendo Bedolla Izazaga and his wife Alicia Villanueva Rosas, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we deny the petition for review.

Contrary to petitioners' contention, the BIA's summary affirmance procedure does not violate due process. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003). We do not consider petitioners' contention, raised but not supported by argument, that the summary affirmance procedure violates due process as applied to their case. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996).

Substantial evidence supports the IJ's determination, based on the 1998 State Department report on Mexico, that the Mexican government neither perpetrates abuses against Jehovah's Witnesses, nor is unwilling or unable to control others who do. *See Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000); *Marcu v. INS*, 147 F.3d 1078, 1081–82 (9th Cir.1998) (noting that country report provided substantial evidence that a reasonable person would not fear future persecution).

Petitioners contend that the IJ erred by requiring the Mexican government or its agents to be the agents of persecution. This contention is unpersuasive because the IJ's decision also addresses the degree to which the government is willing and

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

636

able to control non-government agents of persecution.

Because petitioners failed to qualify for asylum, they necessarily fail to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.